IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT PINHOLSTER,<br><br>    Plaintiff,<br><br>  v.<br><br>THOMAS PATTERSON,<br><br>    Defendant.                                    / | No. C 06-07789 SBA (PR)<br><br>**ORDER OF DISMISSAL AND**<br>**ADDRESSING PENDING MOTION**<br><br>(Docket no. 2) |

### I.    Motion to Screen Complaint

Plaintiff, a state prisoner, filed this action as a civil action in the Marin County Superior Court, Pinholster v. Patterson, Case No. CV 064511.

Defendant has removed the action to this Court pursuant to 28 U.S.C. § 1441(b). Defendant, who is represented by the State Attorney General's Office, has filed a motion asking the Court to screen the complaint under 28 U.S.C. § 1915A.

Cases brought under 42 U.S.C. § 1983, as this one is, may properly be brought in either state or federal court. See Patsy v. Board of Regents of Florida, 457 U.S. 496, 506-07 (1982). However, a defendant may remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Chicago v. Int'l College of Surgeons, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). The propriety of removal thus depends on whether the case originally could have been filed in federal court. See id. Removal does not require court action, but rather is effective upon the defendant's filing of a notice of removal. See 28 U.S.C. § 1446(d). Therefore, Plaintiff's objections have no merit. Because this case is filed by a prisoner, the Court must engage in a preliminary screening of the complaint.

Accordingly, Defendant's motion to screen the complaint (docket no. 2) is GRANTED. The Court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A.

## II. Initial Review of Complaint

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law. West v. Atkins, 487 U.S. 42, 48 (1988). Pro se pleadings must be construed liberally. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

### B. Legal Claim

Plaintiff contends that Defendant Thomas Patterson, a Supervising Attorney General in the Office of the Attorney General for the State of California, made an alleged false statement in a summary judgment motion in Plaintiff's prior civil rights case. (Compl. at 4.)

The Court finds that Defendant Patterson is absolutely immune from suit for acts or omissions taken in his handling of the Plaintiff's prior civil rights case. See Fry v. Melaragno, 939 F.2d 832, 837 (9th Cir. 1991) (government attorney performing acts "intimately associated with the judicial phase" of litigation is entitled to absolute immunity). Therefore, Plaintiff's claim against Defendant Patterson is DISMISSED.

## CONCLUSION

For the foregoing reasons, this action is hereby DISMISSED with prejudice. The Court shall terminate all pending motions and close the file.

This Order terminates Docket no. 2.

IT IS SO ORDERED.

DATED: 9/17/07

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

SCOTT PINHOLSTER,

        Plaintiff,

v.

THOMAS PATTERSON,

        Defendant.

Case Number: CV06-07789 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 18, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Scott Pinholster C-87601
San Quentin State Prison
San Quentin, CA 94974

Dated: September 18, 2007

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.06\Pinholster7789.dismiss.wpd

3